**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HUBBARD-HALL INC., | : | CIVIL ACTION NO. 3:13-cv-00104-RNC |
| Plaintiff, | : | |
| v. | : | |
| MONSANTO COMPANY, | : | |
| PHARMACIA CORPORATION, | : | |
| PFIZER INC., | : | |
| SOLUTIA INC., and | : | |
| JOHN DOES 1-20, | : | |
| Defendants. | : | JUNE 12, 2014 |

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**

On June 3, 2014, this Court heard oral argument on Defendants' Motion for Summary Judgment or, Alternatively, for Judgment on the Pleadings (Doc. 85) ("Motion"), specifically on Defendants' argument that Plaintiff's claim under the Connecticut Product Liability Act ("CPLA") is precluded by the 2-year statute of limitations set forth in General Statutes § 52-577c(b). Alternatively, Defendants argued in their Motion, and incorporated therein their Motion to Dismiss the Amended Complaint (Doc. 42-1), that Plaintiff's CPLA claim is also precluded by the statute of repose set forth in General Statutes § 52-577a(a). *See* Doc. 85-1 at 46. In its Opposition brief (Doc. 109), Plaintiff argued that the statute of repose is preempted by Section 9658 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9658. Doc. 109 at 42-43. At the June 3rd hearing, the Court indicated that it would wait for the U.S. Supreme Court's decision in *CTS Corp. v. Waldburger*, No. 13-339, on whether Section 9658 preempts state statutes of repose before deciding those arguments.

On June 9, 2014, the U.S. Supreme Court issued its decision in *CTS Corp. v. Waldburger*, No. 13-339 (June 9, 2014), holding that Section 9658 does <u>not</u> preempt state statutes of repose. A copy of this decision is attached hereto as <u>Exhibit A</u>. Accordingly, the 10-year statute of repose in General Statutes § 52-577a(a) is not preempted by Section 9658. General Statutes § 52-577a(a) provides that no product liability claim may be brought "later than ten years from the date that the party last parted with possession or control of the product." General Statutes § 52-577a(a). It is undisputed that PCBs left Old Monsanto's possession and control in the 1950-1960 timeframe, and certainly before the manufacture of PCBs was banned in 1977, more than 10 years before Plaintiff brought its original complaint, dated June 17, 2010. *See* Am. Compl. at ¶¶ 20, 44; Doc. 42-1 at 5-6. For the reasons set forth in Defendants' Motion to Dismiss the Amended Complaint, incorporated into their Motion for Summary Judgment or, Alternatively, for Judgment on the Pleadings, Plaintiff has failed to plausibly allege an exception to the statute of repose and, therefore, judgment on the pleadings pursuant to Rule 12(c) should be granted. *See* Doc. 42-1 at 6-13; Doc. 85-1 at 46.

In addition, Defendants also provide the Court with a recent Connecticut Superior Court case that explains that, based on Connecticut Supreme Court precedent, the continuing course of conduct doctrine does not toll the statute of limitations for the Connecticut Unfair Trade Practices Act ("CUTPA"), under which Plaintiff brought its second claim. *Tuckerbrook/SB Global Special Situations GP, LLC v. Alkek & Williams, LTD*, No. FSTCV116010952S, 2014 Conn. Super. LEXIS 844, at *18 (Conn. Super. Ct. April 9, 2014) (citing *Flannery v. Singer Asset Finance Co.*, 128 Conn. App. 507, 514 (2011); *Fichera v. Mine Hill Corp.*, 207 Conn. 204, 216-17 (1988)). This case also holds that the continuing course of conduct doctrine must be pled

or else is waived. *Id.* at *18-19. This case, *Tuckerbrook/SB Global Special Situations GP, LLC v. Alkek & Williams, LTD*, No. FSTCV116010952S, 2014 Conn. Super. LEXIS 844 (Conn. Super. Ct. April 9, 2014), is attached hereto as Exhibit B. As Plaintiff has also argued in its Opposition brief that the continuing course of conduct tolls the statute of limitations set forth in General Statutes § 42-110g(f), applicable to its CUTPA claim, Doc. 109 at 46, this case is also highly relevant as it dismisses this argument.

DEFENDANTS,
MONSANTO COMPANY, PHARMACIA
CORPORATION, PFIZER INC., AND
SOLUTIA INC.

By: _/s/ Sorell E. Negro_
Stephen E. Goldman (ct06224)
E-mail: sgoldman@rc.com
Jeffrey J. White (ct25781)
E-mail: jwhite@rc.com
Sorell E. Negro (ct29195)
E-mail: snegro@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8237
Facsimile: (860) 275-8299

## **CERTIFICATION**

This is to certify that on the 12th of June 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Sorell E. Negro*
                                                Sorell E. Negro