UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUBBARD-HALL INC., | : | CIVIL ACTION NO. 3:13-cv-00104-RNC |
| Plaintiff, | : | |
| v. | : | |
| MONSANTO COMPANY, PHARMACIA CORPORATION, PFIZER INC., SOLUTIA INC., and JOHN DOES 1-20, | : | |
| Defendants. | : | SEPTEMBER 3, 2014 |

**DEFENDANTS' SUPPLEMENTAL NOTICE REGARDING MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS**

Defendants submit this notice to provide the Court with recent authority from the Connecticut Supreme Court (*Flannery v. Singer Asset Finance Co.*, 312 Conn. 286 (2014) (attached as Exhibit A)) pertaining to one of the CUTPA arguments in Defendants' Motion for Summary Judgment or, Alternatively, for Judgment on the Pleadings (Doc. 85). In their Motion, Defendants argued that all three of Plaintiff's claims should be dismissed, including Plaintiff's CUTPA claim (Count II). The primary ground for dismissal of Plaintiff's CUTPA claim was that it was barred by the exclusivity provision in the CPLA. Doc. 42-1 at 13-14; Doc. 85-1 at 47. This argument remains unchanged.

In addition, to the extent that the Court did not agree with the exclusivity argument, Defendants also argued that Plaintiff's CUTPA claim is barred by the applicable statute of limitations contained in General Statutes § 42-110g(f). Doc. 85-1 at 48. In response, Plaintiff

maintained that the "continuing course of conduct" doctrine tolled the statute of limitations. *See* Doc. 109 at 46.

On June 12, 2014, Defendants filed a Supplemental Brief discussing a recent Connecticut Superior Court case that explained that, based on Connecticut Supreme Court precedent, the continuing course of conduct doctrine <u>does not</u> toll the statute of limitations for CUTPA. *See* Doc. 141-1 at 2-3 (citing *Tuckerbrook/SB Global Special Situations GP, LLC v. Alkek & Williams, LTD*, No. FSTCV116010952S, 2014 Conn. Super. LEXIS 844, at *18 (Conn. Super. Ct. April 9, 2014)).

Since the date of that brief, the Connecticut Supreme Court decided *Flannery v. Singer Asset Finance Company, LLC*, 312 Conn. 286 (2014), which also involved whether the continuing course of conduct exception can toll CUTPA's statute of limitations and, if so, whether such an exception was properly pled by the plaintiff in that case. Defendants are providing that authority for the Court's consideration because it supports Defendants' position in multiple ways, including: (1) the Supreme Court's decision in *Fichera* (upon which *Tuckerbrook* relies) remains good law; (2) merely alleging nondisclosure or fraudulent concealment, without pointing to any underlying duty that has been allegedly breached, is insufficient to satisfy the continuing course of conduct doctrine and does <u>not</u> toll the statute of limitations for a CUTPA claim; and (3) an alleged subsequent wrongful act that occurred <u>after</u> the three-year statute of limitations expired—*i.e.*, more than three years after the initial alleged CUTPA violation allegedly occurred—is of no consequence for tolling purposes. *Id.* at 291 n.5, 306-09.

DEFENDANTS,
MONSANTO COMPANY, PHARMACIA
CORPORATION, PFIZER INC., AND
SOLUTIA INC.


By: /s/ Sorell E. Negro
    Stephen E. Goldman (ct06224)
    E-mail: sgoldman@rc.com
    Jeffrey J. White (ct25781)
    E-mail: jwhite@rc.com
    Sorell E. Negro (ct29195)
    E-mail: snegro@rc.com
    ROBINSON & COLE LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Telephone:  (860) 275-8237
    Facsimile:   (860) 275-8299

**CERTIFICATION**

This is to certify that on the 3rd of September 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Sorell E. Negro
Sorell E. Negro